IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY ALSTON | : | |
| 2741 N. 47th Street | : | |
| Philadelphia, PA 19143, | : | CIVIL DIVISION |
| Plaintiff, | : | NO. 12-6562 |
| vs. | : | |
| CITY OF PHILADELPHIA, | : | |
| c/o City of Phila. Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| | : | |
| POLICE OFFICER GARY CHAMP | : | |
| c/o City of Phila. Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| POLICE OFFICER THOMAS RYAN | : | |
| c/o City of Phila. Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| POLICE OFFICER MICHAEL FAHY | : | |
| c/o City of Phila. Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| and | : | |
| POLICE OFFICER JOHN DOE #1 | : | |
| c/o City of Phila. Law Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102, | : | |
| Defendants. | : | |

## AMENDED COMPLAINT

Plaintiff, TRACY ALSTON, (hereinafter referenced as "Plaintiff" as context dictates),

by and through his undersigned counsel, Jeffrey R. Lessin & Associates, P.C., files this

Complaint and sues Defendants, CITY OF PHILADELPHIA, and the above-captioned

Police Officers, Individually, and in their capacity as City of Philadelphia Police Officers,

and alleges:

## INTRODUCTION

1.      This is an action at law for damages sustained by a citizen of the United States against individual, police officers of the Philadelphia Police Department and the City of Philadelphia itself, respectively.

2.      On Saturday, August 23, 2011, Plaintiff was violently manhandled, choked, punched, handcuffed seized and detained without probable cause on the 2700 block of North 47th Street, Philadelphia, PA, which is in the City and County of Philadelphia, by Defendant  CITY of PHILADELPHIA  police officers, namely, Defendants Police Officer GARY CHAMP (Badge #unknown), THOMAS RYAN (Badge #unknown), Police Officer MICHAEL FAHY (Badge #unknown) and/or Police Officer JOHN DOE #1 (Badge #unknown) individually and acting in their capacity as CITY of PHILADELPHIA police officers.

3.      By this complaint, Plaintiff seeks judicial redress for violation of his civil rights.

4.      Plaintiff brings this claim pursuant to 42 U.S.C. §1983 seeking monetary relief for violation of the Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment, and the Fourth Amendment. Plaintiff also seeks damages under Pennsylvania tort law.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked under 28 U.S.C. §1331, 1343 and 1367, this being an action authorized by law to redress the deprivation under color of Pennsylvania law, statute, ordinance, regulation, custom and usage of a right, privilege

and immunity secured to Plaintiff by the Privileges and Immunities Clauses of Article IV Fourteenth Amendment, and the Fourth Amendment to the Constitution of the United States.

6.      For jurisdictional purposes, the matter in controversy exceeds, exclusive of interest and costs, the sum or value of ten thousand dollars ($10,000.00).

7.      Venue is properly placed in the United States District Court of the Eastern District of Pennsylvania as it is where Defendants reside, or have offices and business addresses, and where the illegal events complained of all occurred.

<u>PARTIES</u>

8.      Plaintiff, TRACY ALSTON, is an individual, citizen of the United States and resides at the above-captioned address.

9.      Defendant Police Officer GARY CHAMP (Badge #unknown) is an adult unidentified individual, duly appointed and at all times relevant hereto acting as an officer of the law in the in the Philadelphia County Police Department. He is being sued in his individual capacity for money damages.

10.     Defendant Police Officer THOMAS RYAN (Badge #unknown) is an adult unidentified individual, duly appointed and at all times relevant hereto acting as an officer of the law in the in the Philadelphia County Police Department. He is being sued in his individual capacity for money damages.

11.     Defendant Police Officer MICHAEL FAHY (Badge #unknown)is an adult unidentified individual, duly appointed and at all times relevant hereto acting as an officer of the law in the in the Philadelphia County Police Department. He is being sued in his

3

individual capacity for money damages.

12.     Defendant Police Officer Police Officer JOHN DOE #1 (Badge #unknown) is an adult unidentified individual, duly appointed and at all times relevant hereto acting as an officer of the law in the in the Philadelphia County Police Department. He is being sued in his individual capacity for money damages.

13.     Defendant CITY OF PHILADELPHIA, (hereinafter "CITY") is a municipal corporation and/or political subdivision of the Commonwealth of Pennsylvania and/or a department or division thereof, and was the employer of the individual Defendant police officers. All actions and/or omissions were performed by the individual police officers were in the name of the CITY, and were thus under the color of state law.

14.     At all times pertinent hereto, Defendant CITY, and the individual Defendant police officers, each of them acting separately and in concert, through conduct sanctioned under color of state law, statute, municipal ordinances, regulations, policies, practices, customs and/or usages engaged in conduct resulting in injury and damage to Plaintiff, depriving of the rights, privileges and immunities secured by the Fourth Amendment to the Constitution of the United States, made applicable to the states by the Fourteenth Amendment to the Constitution of the United States, together with the law of the United States and the laws of the Commonwealth of Pennsylvania.

15.     The CITY, by and through the individual members of the POLICE DEPARTMENT of the CITY, who are its agents and employees, together with the individual Defendants and persons presently unknown to Plaintiff, acting under color of law, statute, City or township ordinance, regulations, policies, practices, customs and/or

4

usages have subjected Plaintiff and other persons to a pattern of conduct consisting of intimidation, abuse, assault and battery, and conspiracy to cover-up of illegal activities, resulting in the denial of the rights privileges and immunities guaranteed Plaintiff and other citizens by the Constitution of the United States and Commonwealth of Pennsylvania.

16.     This systematic pattern of conduct consisted of a large number of individual acts of violence, intimidation, abuse, assault and battery, invasion of privacy, conspiracy to deny access to the courts and cover-up of illegal activities and/or humiliation visited upon Plaintiff and other citizens by members of the POLICE DEPARTMENT of the CITY, acting in concert with persons unknown to Plaintiff under color of law, together with the acts specified in this Complaint. These acts of violence, intimidation, abuse, assault and battery, conspiracy to cover-up of illegal activities and/or humiliation which occurred under color of law, have no justification or excuse in law and are illegal, improper and unrelated to any activity in which a police officer may appropriately and legally engage in the course of protecting persons or property or ensuring civil order.

17.     Despite the fact that CITY officials knew or should have known of the fact that this pattern of conduct was being carried out by their agents and/or employees, the CITY, through its officials, particularly the police commissioner, has taken no effort to order a halt to this course of conduct, to make redress to Plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of its employees and/or agents, thus having the effect of encouraging their employees and/or agents to continue in this illegal pattern of conduct.

18.     Plaintiff was not afforded the courtesy of the offending officers giving him their identities; however, Plaintiff's counsel was given the identities of three of the officers by defense cousnel in association with the Rule 16 conference held by This Honorable Court.

<u>COUNT I</u>
PLAINTIFF v. DEFENDANT Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1
<u>FEDERAL CIVIL RIGHTS VIOLATIONS-FOURTH AMENDMENT</u>

<u>FACTUAL ALLEGATIONS</u>

19.     On Saturday, August 23, 2011, Plaintiff was violently manhandled, punched and seized  without probable cause on the 2700 block of North 47th Street, Philadelphia, PA, which is in the City and County of Philadelphia, by  CITY police officers, namely, Defendant Police Officers GARY CHAMP (Badge #unknown), THOMAS RYAN (Badge #unknown), Police Officer  MICHAEL FAHY (Badge #unknown) and/or Police Officer JOHN DOE #1.

20.     At all times relevant to this cause of action, the aforementioned CITY police officers were acting in their capacities as law officers for the CITY, and were thus acting under color of state law by virtue thereof.

21.     On or about said date, Plaintiff was peaceably in the residence at 2741 N. 47th Street, in Philadelphia, Pennsylvania, and was in his bedroom when he heard the noise of police officers in front of his home.  Plaintiff then opened the storm door and held the screen door open with one hand to see what the said police officers wanted.

22.     At or about said date, two of the CITY police officers identified herein as

6

Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1, at the front door of Plaintiff's home, drew their guns on Plaintiff and said they had a report of a gunshot at Plaintiff's home.

23.     There were other family members of Plaintiff in the living room of Plaintiff's home, and one of the said officers ordered Plaintiff to show his hands and exit the residence.

24.     Plaintiff did so, in compliance with the order.

25.     Said Defendant Police Officers then twisted Plaintiffs arms around his back as one of them asked Plaintiff who had the gun.

26.     Plaintiff responded to said Defendant Police Officer by stating that there was no gun or gunshot at his residence, to which said Defendant Police Officer reacted by telling Plaintiff to "shut the fuck up" and to speak only if ordered to speak.

26.     Plaintiff attempted to respond to said Defendant Police Officer by stating he was only trying to explain that he resided here and that there was nothing illegal going on at his residence.

27.      At that point, said Defendant Police Officer grabbed and choked Plaintiff, who was in hand cuffs, for almost a minute.

28.     Said Defendant Police Officer continued to choke Plaintiff while Plaintiff was placed into a chair on the porch of his residence.

29.     While Plaintiff was being choked by said Defendant Police Officer, Plaintiff tried to plead to be released and tried to communicate that he had not done anything, when said Defendant Police Officer punched Plaintiff in the face, high on his face near his

7

temple.

30.     Plaintiff was then released from the choke hold, and was walked toward the police vehicle in hand cuffs.

31.     After he was released from the choke hold, Plaintiff was gagging and spitting  as a result of the choke hold, and  was then told by one and/or both of said officers stated that spitting was illegal, and threatened to arrest Plaintiff for spitting (although Plaintiff, who had just been choked cuffed and punched, was under the belief that he was already under arrest, or was in the process of being arrested).

32.     After placing Plaintiff in a police patrol vehicle, one of the two above-referenced police officers asked Plaintiff his name.

33.     Upon hearing Plaintiff's name, the same Defendant Police Officer who had choked Plaintiff proceeded to verbally ridicule and attempt to intimidate Plaintiff, telling Plaintiff, inter alia, that Tracy is "a bitch's name."

34.     After the other Defendant Police Officer appeared to run Plaintiff's name through the NCIC system with negative results, the above-referenced officers then removed Plaintiff from the police vehicle, took the hand cuffs off, and together with at least two other police officers, denominated herein as Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or Police Officer JOHN DOE #1 then surrounded Plaintiff.

35.     The officers who had surrounded Plaintiff then taunted him, and attempted to instigate him to take a swing at one of them by baiting him with taunts such as calling him a "little bitch", and playing the schoolyard bully card by saying, "What are you going

8

to do about it". It is believed and therefore averred that the said officers were attempting to bait Plaintiff into attempting to strike one of them, so that they could charge him with aggravated assault.

36.     Despite the taunting, Plaintiff remained silent and made no aggressive moves.

37.     The taunting stopped when Plaintiff's mother came back out onto Plaintiff's porch, at which time one of the original two Defendant Police Officers told Plaintiff to "get the fuck out of here".

38.     The police officers then left without ever making any charges against Plaintiff.

39.     One of said Defendant Police Officers injured Plaintiff's wrist, arm and face and another Defendant Police Officer injured Plaintiff's neck and throat.

40.     Plaintiff had not committed any crime, nor was there any probable cause for any of the above-referenced police officers to arrest Plaintiff for same, or to brutalize him as they did.

41.     Plaintiff had done nothing to provoke such a physical attack or detention as was described above.

42.     Said Defendants Police Officers deliberately and intentionally arrested Plaintiff without probable cause, and further inflicted said injuries upon Plaintiff with no legitimate cause or justification.

43.     Said Defendants Police Officers intentionally arrested Plaintiff without probable cause in a malicious attempt to bully and intimidate Plaintiff, and further to teach

9

Plaintiff a lesson for Plaintiff's unwillingness to accept their unreasonable and unconstitutional conduct, a gross violation of Plaintiff's civil rights.

44.    Said Defendants Police Officers acted in agreement, concert and conspiracy with each other in attempting to intimidate Plaintiff in retaliation for his attempt to assert his constitutional rights as an innocent citizen.

45.    As a result of the reckless, outrageous and intentional misconduct of the Defendant Police Officers, Plaintiff suffered physical injury, great pain and suffering, and was subject to false arrest and beating choked, punched and manhandled, all for an unidentified offense he did not commit, and for which no probable cause to arrest existed. He has in the past and will and/or in the future undergo physical pain and suffering as a result of which he has been in the past and/or may in the future be unable to attend to his usual duties and occupation, all to his great financial detriment and loss.

46.    As a result of the aforesaid occurrence, the Plaintiff has been compelled, in order to effectuate a cure for the aforesaid injuries, to expend sums of money for medicine and medical attention and will or may be required to expend additional sums for the same purposes in the future.

47.    As a result of the aforesaid occurrence, the Plaintiff has been compelled, in order to defend against the outrageous and false charges to expend sums of money on attorneys fees and/or expenses and costs.

48.    As a result of the aforesaid occurrence, the Plaintiff has been prevented from attending to his usual and daily activities and duties, all to his great financial detriment and loss.

10

49.     As a result of the aforesaid occurrence, the Plaintiff has suffered physical pain, mental anguish embarrassment, humiliation, psychological pain and damage to personal reputation, and he may continue to suffer same for an indefinite period of time in the future.

WHEREFORE, Plaintiff TRACY ALSTON demands compensatory damages against the Defendants, Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1, solely, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the said Defendants, in an amount in excess of ($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

COUNT II

PLAINTIFF v. DEFENDANTS CITY and POLICE .DEPARTMENT
FEDERAL CIVIL RIGHTS VIOLATIONS
PLAINTIFF v. CITY ("Monell" Claim)

50.     Plaintiff incorporates herein by reference all of the allegations contained in paragraphs I through 49 herein, inclusive, as fully as though the same were set forth herein at length.

51.     This cause of action is brought by Plaintiff against the CITY, for deprivation by its agents, servants, workmen and/or employees of their constitutional rights within the meaning of 42 U.S.C. 1983.

52.     Defendants Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1, Individually, and in their capacities as a Police Officers, while in the

acts aforesaid, resulted in a constitutional deprivation of Plaintiff's constitutional rights in violation of the Fourth Amendment of the United States Constitution, made applicable to the states by the Fourteenth Amendment of the United States Constitution.

53.    The CITY violated Plaintiff's rights by failing to train its officers, Defendants Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1, Individually, and in their capacities as a Police Officers, individually, in the proper methods for dealing constitutionally with non-perpetrator citizens and for investigating, reporting and prosecuting crimes.

54.    The  CITY, through its agents, servants, workmen and/or employees have a history of threatening, assaulting, battering, falsely accusing,  prosecuting and physically attacking innocent citizens  while on duty and/or in uniform, of refusing to honestly report, investigate, charge or recommend charges against agents, servants, workmen and/or employees of the CITY, who attack, assault, threaten, or otherwise commit crimes and/or misdemeanors against innocent citizens similarly situated as Plaintiff and depriving them of their constitutional rights within the meaning of 42 U.S.C. §1983.

55.    The constitutional deprivation was caused by the lack of training, supervision, review and discipline by the CITY, with regard to its officers, and police officers in general and Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1 in particular, by failing to properly train, supervise, review and/or discipline officers regarding their ability to appropriately interact with citizens without causing the deprivation of constitutional rights, and in their ability to charge citizens with crimes only when there is actual and factual evidence of criminal conduct, thereby departing from the

12

prevailing standards, and also by train, supervise, review and/or discipline officers regarding their duty to honestly swear out charges and testify honestly under oath.

56.     Prior to the date of the incident involving Plaintiff, the CITY permitted, tolerated and overlooked and/or approved the constitutional violations of citizens by officers of its police department, particularly Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1, and other officers similarly situated, who were not properly trained and supervised to appropriately interact with citizens without causing the deprivation of constitutional rights.

57.     The CITY is responsible for the promulgation, adoption, and implementation of official policies for its officers and police officers in general and Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1 in particular, to ensure that they appropriately interact with citizens without causing the deprivation of constitutional rights.

58.     As a direct and proximate result of the above-mentioned unconstitutional acts, patterns, policies, customs, and usages of The CITY, Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1 violated Plaintiff's rights, and Plaintiff has sustained physical and mental injuries, financial damages and deprivation of civil rights as indicated herein.

59.     Defendant CITY OF PHILADELPHIA has encouraged, tolerated, ratified, and has been deliberately indifferent to the following patterns, practices and customs, and for the need for more or different training, supervision, investigation or discipline in the following areas of:

13

a.   the use of unreasonable force, excessive force and unlawful arrest by police officers;

b.   the proper exercise of police powers, including, but not limited to the unreasonable use of force, the excessive use of force, unlawful arrest, malicious prosecution, the need to present non-perjured claims and testimony in a criminal prosecution, and violation of citizens' civil rights;

c.   the monitoring of officers, including, but not limited to officers it knew or should have known may have been suffering from emotional or psychological problems that impaired their ability to function as officers;

d.   the failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian and/or internal complaints of misconduct;

e.   police officers' use of their status as police officers to employ the use of excessive force and unlawful arrest, or to achieve ends not reasonably related to their police duties;

f.   the failure to take remedial or disciplinary action against police officers who use racial and/or ethnic epithets with members of the public citizenry; and

g.   the failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force and arrest powers under such circumstances as presented herein.

WHEREFORE, PLAINTIFF TRACY ALSTON, demands compensatory damages against the Defendant CITY OF PHILADELPHIA, in an amount in excess of One Hundred

14

Thousand ($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

<u>COUNT III</u>

<u>PLAINTIFF V. DEFENDANT POLICE OFFICERS GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1<br>FEDERAL CIVIL RIGHTS VIOLATIONS-DEMAND FOR PUNITIVE<br>AND OTHER DAMAGES</u>

60.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs I through 59, inclusive, as fully as though the same were set forth herein at length.

61.    As a direct and proximate result of the above mentioned acts of Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1, Plaintiff has been caused to suffer bodily and mental harm, pain, suffering and injury, including mental anguish, from the time of the incident until now, and will continue to suffer same well into the future; has lost and will in the future lose sums of money due to medical expenses past, present and future; and has been greatly humiliated and held up to public scorn and ridicule as a result of the acts of the Defendants discussed above.

62.    Plaintiff has been forced to incur obligations for investigation, attorney fees, court reporter fees and other expenses due to the intentional, unfounded and unwarranted misconduct of the Defendants, which has been a serious and onerous burden to him.

63.    Due to the intentional, egregious and outrageous nature of the misconduct

of Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1, as outlined above, Plaintiff demands not only compensatory damages, but punitive damages against Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1.

WHEREFORE, PLAINTIFF TRACY ALSTON demands compensatory damages against the Defendants and each of them, jointly and severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1 in an amount in excess of ($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

COUNT IV

PLAINTIFF V. DEFENDANT Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1
SUPPLEMENTAL STATE CLAIMS

64.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs I through 63, inclusive, as fully as though the same were set forth herein at length.

65.    The acts and conduct of Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1 in this case constitute assault, battery, false arrest, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Honorable Court has supplemental jurisdiction to hear and

16

adjudicate these claims.

66.     The acts and conduct of Defendant Police Officers GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1 in this case further acting in concert to commit and/or cover up acts constituting assault, battery, false arrest, and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania, and this Honorable Court has supplemental jurisdiction to hear and adjudicate these conspiracy claims.

WHEREFORE, PLAINTIFF TRACY ALSTON demands compensatory damages against the Defendant Police GARY CHAMP, THOMAS RYAN, MICHAEL FAHY and/or JOHN DOE #1 and each of them, jointly and severally, in an amount in excess of One Hundred Thousand ($100,000.00) and further demands punitive damages against the Defendants, and each of them, jointly and severally, in an amount in excess of ($100,000.00). A demand is also made for costs, expenses, reasonable attorney fees and such other relief as the Court deems just, proper and equitable. Plaintiff demands a trial by jury.

JEFFREY R. LESSIN & ASSOCIATES, P.C.


BY:    *Jeffrey R. Lessin*
       JEFFREY R. LESSIN, ESQUIRE

DATED: January 15, 2013

17